STATE OF DELAWARE *vs.* COPPERMINES COMPANY, a corporation of the State of Delaware.

TAXATION—ASSESSMENT—ASSESSMENT OF CORPORATE PROPERTY—STATUTES—CONSTRUCTION.

21 *Del. Laws, c.* 166, entitled "An act to raise revenue by taxing certain corporations," requires every corporation to file with the Secretary of State an annual report stating the amount of its capital and other matters required for the information of the Secretary of State in determining the basis of its franchise taxation, and on failure to make such report the Secretary of State may fix the amount of the franchise taxes in whatever manner he may deem practical. The statute also provides that the Secretary of State shall certify and report to the Treasurer the statement of the basis of the annual license fee and the amount of tax due thereon; such tax, when determined, being a debt from the corporation upon which an action at law may be maintained. A corporation whose capital stock had been $60,000,000, during most of the year reported it as $5,000,000; the report being made just previous to a reduction to that amount. *Held,* that the Secretary of State was not concluded by the report of such corporation.

(*March* 10, 1911.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.
*Josiah O. Wolcott,* Deputy Attorney General, for the state.
*Marvel and Marvel* for the defendant.

Superior Court, New Castle County, March Term, 1911.

CASE STATED (No. 65, January Term, 1911).

The essential portions of the agreed statement of facts are set forth in the opinion of the court. The amount of the tax

claimed for the state was one thousand four hundred and ninety-four dollars and forty-four cents, with interest at the rate of one per centum per month from the first day of May, A. D. 1910. The contention of the defendant was that it owed the state one hundred and fifty dollars with interest as aforesaid.

WOOLLEY, J., delivering the opinion of the court:

The matter in issue in this case has been submitted upon an agreed state of facts, from which it appears that the defendant is a corporation organized under the *General Corporation Laws* of the State of Delaware, with a capital stock of sixty million dollars authorized by amendment to its certificate of incorporation, filed in 1908; that on the twenty-second day of December, A. D. 1909, by another amendment to its certificate of incorporation, its authorized capital stock was decreased from sixty million dollars to five million dollars; that on or before the first Tuesday in January, A. D. 1910, the defendant filed its annual report as required by the statute, setting forth *inter alia*, that its authorized capital stock was five million dollars; that on or before the first Tuesday in February, A. D. 1910, the Secretary of State of the State of Delaware, certified to the Treasurer of the State of Delaware, the basis of the annual license fee or franchise tax and the amount thereof due from the defendant and corporation; that the basis of the annual license fee or franchise tax of the defendant, so certified by the Secretary of State, was determined and computed on an authorized capital stock of sixty million dollars from the first day of January, A. D. 1909, to the twenty-second day of December, A. D. 1909, and upon an authorized capital stock of five million dollars from the latter date to the first day of January, A. D. 1910, and the amount thereof was ascertained to be the sum of one thousand four hundred and ninety-four dollars and forty-four cents; that the defendant corporation made application to the Governor of the State of Delaware for a review of the assessment and readjustment of the tax by filing with him a petition of appeal, the prayer of which was refused, whereupon the State of Delaware instituted this action

to recover from the defendant the amount of the franchise tax assessed against it.

The statute by force of which the license fees or franchise taxes of corporations are assessed and collected, is *Chapter* 166, *Vol.* 21, *Laws of Delaware,* entitled "An Act to raise revenue for the state by taxing certain corporations," the general provisions of which, so far as they apply to the question involved in this case, are as follows:

Every corporation is required to file with the Secretary of State, on or before the first Tuesday in January in each year, an annual report, which shall state the amount of its authorized capital and such other matters as are required for the information of the Secretary of State in determining the basis of its franchise taxation. Upon the failure or neglect of a corporation to make such return within the time prescribed, the Secretary of State may ascertain and fix the amount of its annual license fee or franchise tax and the basis upon which the same is determined, in such manner as he may deem practicable.

After establishing the rates of taxation, which for corporations of the class of the defendant are fixed and graduated according to the amounts of their authorized capital stock, the statute directs,

"That the Secretary of State shall certify and report to the State Treasurer, on or before the first Tuesday of February in each year, a statement of the basis of the annual license fee or franchise tax determined from the annual report filed by each corporation as hereinbefore required, and the amount of tax due thereon * * * ; such tax when determined shall be a debt due from such corporation * * * to the state, for which an action at law may be maintained. * * * "

Upon the facts and the law as stated, the contention of the defendant is that the purpose of the law in requiring a corporation to file an annual report is to supply the Secretary of State with information from which he may determine the basis of its annual license fee or franchise tax, and in determining the basis for such a fee or tax, the Secretary of State is limited to and bound

by the contents of such a report when it is filed within the time prescribed by the statute.

Considered with respect to the contention of the defendant, an examination of the statue cited discloses several things. It is evident that the purpose of the law in requiring corporations to make annual reports to the Secretary of State, is to enable that officer to determine the basis of their annual license fees, especially when such determination rests wholly or in part upon the information that can be acquired only from the corporations themselves, as for instance the character of the business pursued and the amount thereof transacted within and without the State of Delaware.

It is further evident that it is the policy of the law to exact the payment of a tax for the enjoyment of corporate privileges. The Legislature has seen proper to exact this tax annually, and by the law has established as the basis of its assessment, among other things, the amount of the authorized capital of a corporation and the method and place of its employment during the year embraced within the report required to be filed annually. It is therefore certain that as the law contemplates an annual taxation on the basis of an annual authorized capitalization, the law requires a corporation in making its annual report to give accurately, truthfully and fully the status of its capitalization for the whole year, with reference to which its report is required to be made.

It is further evident that the law places upon the Secretary of State the duty of assessing the tax and directs him to the annual report of each corporation, that he may be informed how to determine the basis and fix the rate prescribed by law. While the law thus directs resort to the annual report for the basis upon which the tax is to be assessed, it in no wise limits the Secretary of State to the report, when he has reason to believe that the report is either false or does not contain the whole truth, for the statute which places upon him the duty to determine the basis of the tax from the annual report, likewise provides that "he shall have power to inquire into the truth or falsity of every report required to be filed by this act as may be necessary to carry out the provisions hereof."

If acting upon this authority he finds a report of a corporation to contain false matter, or not to state the whole truth, he surely is not bound by the report which he is authorized to investigate and if necessary repudiate.

An examination of the report filed by the defendant corporation, a copy of which is an exhibit in this case, discloses a statement which required the Secretary of State to use his statutory power of inquiry with respect to its truth or falsity. The report is dated December 10th, 1909, and certifies to an authorized capitalization of five million dollars. A comparison of this statement with the records of his own office, must have shown the Secretary of State, if the agreed state of facts in this case be correct, that at that date the authorized capital stock of the defendant corporation was sixty million dollars and not five million dollars; that the authorized capital of six million dollars was reduced to an authorized capital of five million dollars on December 22, 1909, which was a date subsequent to the date of the report, and that for one portion of the year the authorized capital stock of the corporation was sixty million dollars, and for another portion it was five million dollars. As the annual report of the defendant corporation failed to give the Secretary of State the information necessary under the law to enable him to determine the basis of its annual license fee or franchise tax, we are of opinion that the Secretary of State acted within the power conferred upon him by law, in determining the basis of the tax from the records of his own office, and in ascertaining the amount of the tax by applying to the authorized capital stock of the corporation as it existed and was changed during the year, the appropriate statutory rates of taxation, and that the defendant's petition of appeal was properly dismissed by the Governor of the State of Delaware. The court therefore directs that judgment be entered in this case in favor of the plaintiff for the sum of one thousand four hundred and ninety-four dollars and forty-four cents, with interest at the rate of one per centum per month from the first day of May, A. D. 1910.